IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM MCGURGAN, aka**
**WILLIAM JONES,**

      **Petitioner,**

v.                          **CIVIL ACTION NO. 1:11cv147**
                                **(Judge Bailey)**

**WARDEN WILLIAM FOX,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On September 19, 2011, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On September 27, 2011, the petitioner submitted his petition on this Court's approved form, and he was subsequently granted leave to proceed *in forma pauperis*. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. PROCEDURAL HISTORY

In 1992, the petitioner was convicted by a Morgan County jury of making threats to kidnap and demand ransom under W.Va. Code §1-2-14c. This conviction arose from an incident in the petitioner's home when he held an appliance repairman at gunpoint because the repairman was unable to fix his stove to his satisfaction. Following the jury verdict, the prosecutor filed an habitual offender information, citing four prior convictions for crimes committed under the name of William McGurgan: (1) a 1974 conviction in the United States District Court for the Northern District of Virginia for possession of a firearm by a felon; (2) a 1977 conviction in the Circuit Court of King County Virginia,

1

for grand larceny; (3) a 1980 conviction in the Circuit Court of Fairfax County, Virginia, for burglary, and (4) a 1981 conviction in the Circuit Court of Fairfax County, Virginia, for grand larceny. The jury found that Mr. Jones was the same person as William McGurgan, who was convicted of grand larceny in 1977, burglary in 1980, and grand larceny in 1981.[1] As a result, the petitioner was sentenced to life as a habitual offender. The petitioner subsequently filed an appeal with the West Virginia Supreme Court raising five assignments of error. On June 26, 1992, the West Virginia Supreme Court found no reversible error and, therefore, affirmed the judgment of the Circuit Court of Morgan County. State of West Virginia v. Jones, 420 S.E.2d 736 (1992). Beyond his appeal, the petitioner has not filed any petitions, applications, or motions with respect to this judgment in any court, state or federal.. (Doc. 1-6, p. 3).

Petitioner thereafter filed his instant petition pursuant to 28 U.S.C. § 2241. The petition appears to challenge his convictions in the State of Virginia which were used in Morgan County, West Virginia to indict and convict him as an habitual offender. Specifically, he alleges that: (1) he was denied his constitutional right to appeal his conviction of burglary; (2) he was indicted under two indictments for single act of burglary in violation of double jeopardy; and (3) he had two trials at two different terms of court, and the same facts were used at each trial. For relief, the petitioner seeks to have these two convictions overturned and expunged from his F.B.I. criminal record.

### III. ANALYSIS

**A. 28 U.S.C. § 2241**

As previously noted, the petitioner styles his pleading as a § 2241 petition for habeas corpus relief. Under federal habeas statutes, however, a state inmate challenging the validity of his confinement under a state conviction and/or sentence must proceed under § 2254. That section

---

[1] The 1974 conviction was apparently not considered at the trial.

expressly authorizes federal courts to grants habeas relief to persons within their jurisdiction who are in custody pursuant to state court convictions. Unlike 28 U.S.C. § 2255, which authorizes a habeas corpus remedy for federal inmates, § 2254 does not include a provision implicitly authorizing § 2241 review of convictions and sentences when § 2254 affords an inadequate remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)(recognizing narrow circumstances when § 2255 is inadequate for federal inmates to test validity of his confinement to utilize § 2241.

The undersigned is of the opinion that the petitioner has not stated any ground for relief under § 2241. He is confined at the Stevens Center in Welch, West Virginia pursuant to the judgment of a state court. Therefore, to challenge the validity of his conviction or sentence, he must utilize § 2254 as the habeas remedy authorized for state inmates. See Gregory v. Coleman, 218 Fed.Appx. 266, n.1 (4th Cir. 2007)(unpublished)(denying certificate of appealability as to district court's judgment construing § 2241 petition challenging conviction as untimely § 2254) (*citing* White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004)("adopt[ing] majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction")).

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED AND DISMISSED**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §

636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, at his last know address as reflected on the docket sheet.

DATED: September 29, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE